UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALCOLM G. SCHAEFER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE HONORABLE PETE GEREN, )<br>SECRETARY OF THE ARMY, )<br>)<br>Defendant. ) | Civil Action No. 1:07-cv-01550 (RJL) |

PLAINTIFF'S SECOND MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

Pursuant to Fed. R. Civ. P. 7 and 56, and for good cause shown, Plaintiff moves to supplement the Administrative Record with matters not part of the original administrative record, but which are relevant to the issue of waiver raised by Defendant. These matters are noted as attachments to Plaintiff's Declaration and are referenced throughout Pl.'s Mem. P. & A. Opp. Def. Mot. Summ. J. Plaintiff moves to supplement the Administrative Record with pages 2871-2996 ("Tab 31") as evidence to be considered when deciding Defendant's Motion for Summary Judgment. Of these 123 pages, some, but not all, were not part of the original Administrative Record, but their inclusion in the record at this time is necessary and proper. Others were included but are highlighted herein. Others are just extracts from relevant Army Regulations. A Proposed Order is attached.

Respectfully submitted,

\_\_/s/_____
Gary R. Myers (157115)
78 Clark Mill Road
Weare, New Hampshire 03281
1-800-355-1095
FAX (603) 529-3009
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALCOLM G. SCHAEFER,          )<br>                                                          )<br>     Plaintiff,                             )<br>                                                          )          Civil Action No. 1:07-cv-01550 (RJL)<br>v.                                                    )<br>                                                          )<br>THE HONORABLE PETE GEREN,  )<br>SECRETARY OF THE ARMY,       )<br>                                                          )<br>     Defendant.                          ) | |

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S SECOND MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

A.R. pages 2871-2996 ("Tab 31") oppose the ABCMR's *sua sponte* contention that

Plaintiff's Resignation for the Good of the Service in Lieu of Court-Martial ("RFGOS") was the

equivalent of submitting to military jurisdiction and waiver of his right to bring the current

action. The waiver argument first arose in an advisory opinion provided to the Board. The

ABCMR violated 10 U.S.C. § 1556, and its own internal policy,[1] when it received these two

advisory opinions without forwarding them immediately to Plaintiff's counsel. Plaintiff only

obtained these advisory opinions through his after-the-fact FOIA requests.

We raise this error simply as good cause to support the granting of this motion and not to

supplement Plaintiff's claims for relief or allege agency wrongdoing. Plaintiff is now compelled

to rebut this waiver argument, but must do so with some exhibits not in the original

---

[1] "When necessary, advisory opinions are obtained from other Army staff elements. If an advisory opinion is obtained, it will be referred to the applicant for comment before the application is further considered." http://arba.army.pentagon.mil/abcmr-overview.cfm.

1

Administrative Record.[2]  These documents are integral to Plaintiff's opposition to the notion of waiver Defendant alludes to in its motion for summary judgment.

In this case, judicial review is not limited to the administrative record.  Plaintiff's Complaint is also properly premised on 28 U.S.C. § 1331 in light of the federal questions raised by his constitutional claims. Also, jurisdiction is a legal question which this Court reviews *de novo*. *Bell v. Hood*, 327 U.S. 678 (1946). This dispute is about whether the Army had jurisdiction over Plaintiff at any time after September 14, 2001, and especially whether the Army had jurisdiction to issue Plaintiff a discharge on October 1, 2002, when Plaintiff was not even in the military. Defendant's waiver argument is all about jurisdiction -- the argument is that Plaintiff waived his ability to challenge military jurisdiction over him by submitting a resignation. Plaintiff is entitled now to have the Court examine the evidence showing Plaintiff's consistent challenge to military jurisdiction over him.

Upon information and belief, after a reasonably diligent comparison of these documents to the documents being added to the Administrative Record by way of Plaintiff's Motion to Supplement the Administrative Record, it appears the following pages in "Tab 31" would be new to the Administrative Record that was before the agency: pages 2890-2910 (about 20 pages) (various finance and leave documents), pages 2981-2996 (about 16 pages) (relevant Army Regulation extracts), and pages 2911-2916 and 2935-2948 (about 19 pages) (various communications from prosecutor to defense counsel).

The highlighting of these documents, and the gathering together of these documents within a stand-alone "Tab 31" was intended to provide the court with a single source reference when reviewing Plaintiff's Points and Authorities in opposition to Defendant's waiver argument.

---

[2] For example, documents submitted by Plaintiff to the Army preserving his objection to jurisdiction, but which were not at the time relevant to Plaintiff's application to the ABCMR.

2

Fed. R. Civ. P. 56 permits Plaintiff to supplement the record in a motion for summary judgment with matters that are relevant to the determination to include affidavits, declarations and other evidence. In order for a proper adjudication of these cross-motions for summary judgment, the granting of this motion is necessary and proper.

                Respectfully submitted,

                __/s/_____
                Gary R. Myers
                D.C. Bar 157115
                78 Clark Mill Road
                Weare, New Hampshire 03281
                1-800-355-1095
                FAX (603) 529-3009
                Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALCOLM G. SCHAEFER, )<br>)<br>Plaintiff, )<br>)<br>(RJL)<br>v. )<br>)<br>THE HONORABLE PETE GEREN, )<br>SECRETARY OF THE ARMY, )<br>)<br>Defendant. ) | Civil Action No. 1:07-cv-01550 |

**ORDER**

On consideration of Plaintiff's Second Motion to Supplement Administrative Record, Plaintiff's Memorandum of Points and Authorities in support thereof, and the entire record, it is hereby

**ORDERED** that Plaintiff's Second Motion to Supplement Administrative Record is GRANTED, and it is further

**ORDERED** that the documents added to the Administrative Record, as Tab 31, pages 2871-2996, shall be filed under seal.

Dated this _____ day of _____, 2008,


UNITED STATES DISTRICT JUDGE

Copies to:
Counsel for parties via ECF