UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MALCOLM G. SCHAEFER           )
                              )
    Plaintiff,            )
                              )
    v.                    )     Civil Action No. 07-1550 (RJL)
                              )
PETE GEREN,                   )
Secretary of the Army,        )
                              )
    Defendant.            )
_____)

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS TO SUPPLEMENT THE ADMINISTRATIVE RECORD, AND DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MEMORANDA IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT, OPPOSITION MOTION, AND PLAINTIFF'S STATEMENTS OF MATERIAL FACT AND ISSUES**

Defendant hereby moves for an order limiting Plaintiff's Supplement to the Administrative Record ("AR") to matters actually before the Army Board For Correction of Military Records ("ABCMR"). Defendant also requests that the Court order Plaintiff to re-file his memoranda and statements of material fact, limiting their references to material contained in the Administrative Record, and limiting their length to comport with local practice. Defendant further requests that this Court stay Defendant's duty to respond pending resolution of this Motion.

**I.      Opposition To Plaintiff's Motion To Supplement The Administrative Record.**

**A.      Plaintiff's Case Is Solely An APA Challenge To The ABCMR Decision.**

In 2004, Plaintiff sought relief before the Army Board For Correction of Military Records ("ABCMR") seeking removal of adverse documents and a change in his discharge. (AR 058-094.) On August 30, 2007, Plaintiff filed a 51 page Complaint for review under the Administrative Procedure Act, 5 U.S.C. § 702, *et seq*, challenging the decision of the ABCMR refusing to invalidate his voluntary resignation. (Compl. at 49.) On March 17, 2008, Plaintiff filed a "First Motion To Supplement the Administrative Record," seeking to introduce over

1

1,800 documents that were allegedly considered by the ABCMR but were not included in the Administrative Record submitted by Defendant."[1]  (R. # 17.)  Plaintiff filed a "Second Motion To Supplement the Administrative Record," seeking to add 123 pages of documents, some of which were "not part of the original administrative record, but which are relevant to the issue of waiver raised by the Defendant."  (R. # 18.)  These documents include settlement negotiations between Plaintiff and Defendant pursuant to his pending court-martial which were not part of the administrative record.  Plaintiff also filed a "Third Motion to Supplement the Administrative Record," seeking to add two declarations and the documents referenced therein which are not part of the original administrative record.  Plaintiff asks that these documents be added because he is attempting to invoke the federal question statute and Plaintiff asserts that "judicial review is not limited to the administrative record."  (R. # 19.)

Contrary to Plaintiff's recent claim, this case is solely a challenge to the ABCMR decision under the APA.  On November 9, 2007, this Court established a briefing schedule by granting the Joint Motion to Establish a Briefing Schedule proposed by both parties.  (R. # 7.) The joint briefing schedule reflects the following agreement and orders:

> <u>Plaintiff brings this action for review on an administrative record under the Administrative Procedures Act, 5 U.S.C. § 702, et seq, challenging a decision of the Army Board For Correction of Military Records.</u>  The parties have conferred and believe that the Court can decide the merits of this case based on cross-motions for summary judgment.
> Upon consideration of the parties' Joint Motion to Establish a Briefing Schedule, and the entire record of this case, it is hereby ORDERED that the Joint Motion to Establish a Briefing Schedule is GRANTED, and it is further . . .
> ORDERED that Plaintiff's Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment is due by January 14, 2008 . . .

(R. # 7) (emphasis added). The parties conferred, pursuant to Local Rule 7(m), and agreed that

---

[1]    The ABCMR "will decide cases on the evidence of record.  It is not an investigative body. The ABCMR may, in its discretion . . . request additional evidence or opinions."  32 C.F.R. § 581.3(c)(2)(iii).  Additionally, the ABCMR is not required to retain copies of all documents submitted with applications seeking correction of military records.

summary judgment was appropriate because this was an APA case. (R. # 7). The only issue properly before this Court is Plaintiff's allegation that the ABCMR decision which sustained Plaintiff's resignation for the good of the service was "arbitrary, capricious, lacks substantial evidence and is contrary to evidence and law." (Compl. at 49, ¶ 192). To the extent this Court believes that Plaintiff's case is anything other than a record review under the APA, Defendant respectfully requests a separate briefing on this issue where Plaintiff can allege his basis for review of any constitutional claim.[2]

**B.    Standards Required To Supplement The Administrative Record In APA Cases.**

Review of the agency's decision is not de novo, but is limited to the administrative record that was before the agency. See Camp v. Pitts, 411 U.S. 138, 142 (1973); Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743 (1985); McDougall v. Widnall, 20 F. Supp. 2d 78, 82 (D.D.C. 1998) (citations omitted). In accordance with the APA, a Court's review of an agency decision must be based upon the "whole record." 5 U.S.C. §701-706. The Supreme Court defined a

---

[2]    Plaintiff's third supplement to the administrative record asserts for the first time that "judicial review is not limited to the administrative record because Plaintiff's Complaint is also premised on 28 U.S.C. § 1331 in light of the federal questions raised which this court reviews de novo." (R. # 19.) However, Plaintiff's case, including the constitutional aspects of his ABCMR challenge, must be analyzed pursuant to the APA because Plaintiff has not alleged any other waiver of sovereign immunity. See Buaiz v. United States, 471 F. Supp. 2d 129 (D.D.C. 2007) (citing Swan v. Clinton, 100 F.3d 973, 981 (D.C. Cir. 1996) ("Neither the general federal question statute nor the mandamus statute by itself waives sovereign immunity.")). Because Plaintiff's case only challenges the ABCMR's decision, judicial restraint requires this Court to avoid addressing any hypothetical facial constitutional challenge to the UCMJ. See Washington State Grange v. Washington State Republican Party, et al., 2008 U.S. LEXIS 2707 * (Mar. 18, 2008) (explaining requirements to present facial challenge and the principles against deciding facial challenges). Defendant is unaware of any manner in which Plaintiff may raise his constitutional challenge absent a waiver of sovereign immunity, such as in an application for a writ of habeas corpus. See Rooney v. Sec'y of the Army, 293 F. Supp. 2d 111 (D.D.C. 2003) (denying relief for Fifth Amendment due process claim relief brought under APA to officer who completed Army's funded medical education program and subsequently attempted to avoid completion of his active duty service obligation by obtaining a medical discharge). Plaintiff faces numerous obstacles to a habeas petition including the fact that his voluntary resignation removed any military jurisdiction. Nonetheless, Plaintiff does not appear to allege that this is a habeas petition.

"whole record" as the administrative record compiled by the agency in advance of litigation. Camp v. Pitts, 411 U.S. 138, 142 (1973). In fact, the United States Court of Appeals for the District of Columbia has repeatedly used this rule to prevent the supplementing of an administrative record. AT&T Information Systems v. General Services Administration, 810 F.2d 1233, 1236 (D.C. Cir 1987). Nat'l Wilderness Inst. v. U.S. Army Corps of Engineers, 2005 WL 691775, at *9 (D.D.C. March 23, 2005) ( "[S]upplementation of the administrative record is the exception, not the norm."). While it "may sometimes be appropriate to resort to extra-record information" there are only limited circumstances when such extra-record review is appropriate. Esch v. Yeutter, 876 F. 2d 976, 991 (D.C. Cir. 1989) (discussing circumstances when extra-record review is appropriate).[3]

**C.    Plaintiff's Extrinsic Supplements To The Administrative Record Are Unwarranted.**

1.    Plaintiff's First Motion To Supplement The Administrative Record.

Plaintiff's first supplement contains documents Plaintiff allegedly submitted to the ABCMR. (R. # 17.) Because the ABCMR is not required to retain copies of all documents submitted with applications seeking correction of military records, the Defendant has no way of verifying whether all of these documents were in fact submitted to the ABCMR as indicated in Plaintiff's motion. Many of these documents are already contained in the administrative record submitted by the Defendant and are duplicates (or triplicates). The Defendant objects to these repetitive additions as confusing and unnecessary. However, as Plaintiff alleges the "agency considered evidence which it failed to include to the record," Esch, 876 F.2d at 991, and

---

[3] The eight circumstances recognized by the D.C. Circuit permitting extra-record evidence are: "(1) when agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for a failure to take action; (7) in cases arising under the National Environmental Policy Act; and (8) in cases where relief is at issue, especially at the preliminary injunction stage." Esch, 876 F.2d at 991. (Citations omitted).

Defendant has no reason to doubt the veracity of Plaintiff's assertion, Defendant does not

challenge the non-redundant material Plaintiff asserts was before the ABCMR.[4]

       2.      <u>Plaintiff's Second And Third Motions To Supplement The Administrative Record</u>.

      Plaintiff admits that his second and third supplements contain documents not presented to

the ABCMR but alleges that these supplements are related to the issue of Plaintiff's waiver of

the Army's prior jurisdiction over him. (R. # 18, # 19.)  Plaintiff's second supplement contains

123 pages of documents which were not submitted to the ABCMR, which related to the military

---

[4] Defendant does object to Plaintiff's reliance on Tab 15, "Two ABCMR Legal Advisory Opinions" (Supp AR 1035, 1052-80), and Tab 26, a legal memorandum from the Chief of the Army Litigation Division and corresponding email, (Supp AR 2798-2801.)  These legal opinions and correspondence were clearly privileged as deliberative process, attorney work-product, and attorney-client. While the inadvertent release of this information to Plaintiff may result in a waiver of the privilege, <u>Hicks v. Bush</u>, 452 F. Supp. 2d 88, 104 (D.D.C. 2006) (noting that in this circuit "the inadvertent disclosure of attorney-client privileged material constitutes a complete waiver of the privilege"), these documents still bear no relevance to the ABCMR's decision. The rationale behind the deliberative process privilege is to:

> To assure that subordinates within an agency will feel free to provide the decisionmaker with their uninhibited opinions and recommendations without fear of later being subject to public ridicule or criticism; to protect against premature disclosure of proposed policies before they have been finally formulated or adopted; and to protect against confusing the issues and misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action.

<u>Eugene Burger Mgmt. Corp. v. United States HUD</u>, 192 F.R.D. 1, 4 (D.D.C. 1999) (citing <u>Coastal States Gas Corp. v. Department of Energy</u>, 617 F.2d 854, 866 (D.C. Cir. 1980);<u>Nat'l Inst. of Military Justice v. United States DOD</u>, 512 F.3d 677, 680 (D.C. Cir. 2008).  Notwithstanding any waiver, the opinions expressed in these legal documents are merely individual arguments and opinions of subordinate advisors who are not the decision makers of the ABCMR. Reference to these pre-decisional opinions of individual advisors does not assist the Court in any way.  Instead, it merely confuses the issue by suggesting reasons and rationales that were not in fact the ultimate reasons for the ABCMR's decision, which is under review.  Plaintiff is free to offer opinions and rationales similar to those expressed by those advisors, but the advisor's opinion should not be granted any weight because they are irrelevant and inadmissible. <u>Environmental Defense Fund, Inc. v. Costle</u>, 657 F.2d 275, 286 (D.C. Cir. 1981) ("Rule 56 and Fed. R. Evid. 402 mandate that [evidence] must be relevant to be admissible.").

court-martial litigation.  In particular, Plaintiff's second supplement includes plea negotiations
that took place between Plaintiff and Defendant during his military court-martial proceedings.
(Supp AR 2911-2916, 2931-2948.)  Plaintiff's third motion to supplement contains two
declarations and documents referenced within the declarations.  The first declaration from
Plaintiff asserts his state of mind with respect to his waiver of jurisdictional challenges in the
submission of his resignation to the Army.  (Supp AR 2997-3010.)  The second declaration is
from Plaintiff's former criminal defense counsel and contains factual assertions related to the
defense team's perception with respect to Plaintiff's waiver of jurisdictional challenges in the
submission of his resignation.  (Supp AR 3011-3013.)

     The documents in Plaintiff's Second and Third Supplement were not presented to the
ABCMR and do not meet any of the exceptions set forth in Esch v. Yeutter for extra-record
review.  Plaintiff's submissions consist of documents that provide a rationalization for Plaintiff's
waiver of his challenge to the Army's jurisdiction over him. As such, they are no way relevant to
the decision of the ABCMR, which is under review by this Court.  In reviewing an agency's
action under the APA's arbitrary and capricious standard, district courts "do not resolve factual
issues, but operate instead as appellate courts resolving legal questions."  James Madison Ltd. v.
Ludwig, 82 F.3d 1085, 1096 (D.C. Cir. 1996).  Plaintiff's attempt to have this Court make an
independent factual determination that Plaintiff did not waive his challenge to Army jurisdiction
when he submitted his resignation is improper and irrelevant to the issue before this Court.
Consequently, these items do not provide context for the ABMCR's decision, and should not be
added to the Administrative Record.[5]  Plaintiff also asserts that these items are required to prove

---

[5]  Plaintiff's submissions are also plea negotiations which are inadmissible "when offered to
prove liability for, invalidity of . . . a claim that was disputed as to validity . . . or to impeach
through a prior inconsistent statement or contradiction."Fed. R. Evid. 408;  Bowles v. Nat'l Ass'n
of Home Builders, 224 F.R.D. 246, 252 (D.D.C. 2004) ("waiver of attorney-client or work
product privilege . . . is independent from the evidentiary rule regarding the use of evidence of a
compromise or offer of compromise to prove liability for or invalidity of a claim. See Fed. R.
Evid.408.").

jurisdiction in this case.  However, Defendant concedes that the Court has jurisdiction to review the decision of the ABCMR under the APA.  Consequently there is no basis for these supplements in order to establish this Court's jurisdiction.[6]  In this case, there is no dispute regarding this Court's jurisdiction to hear Plaintiff's APA challenge.  As a result, Plaintiff's Second and Third Motions to Supplement are not proper and this Court should not permit Plaintiff to supplement the Administrative Record with this extrinsic information.

II.    **Although The Court Has Not Granted Plaintiff's Motions to Supplement the Administrative Record, These Extra-Record Items are Incorporated throughout Plaintiff's Cross Motion, Opposition Motion, and Statement of Material Facts**

Despite the fact that the Court has not ruled on Plaintiff's three supplements to the Administrative Record, Plaintiff cites to these supplements throughout his Cross Motion for Summary Judgment, his Opposition to Defendant's Motion for Summary Judgment, as well as in his Statement of Material Facts. Plaintiff's citation to his own supplemental records is not just limited to the documents in his First Supplement, which he alleges were before the ABCMR, he also heavily cites to the documents in his Second and Third Supplements, which he acknowledges were never before the ABCMR.  For example, the declarations from Plaintiff's Third Supplement alone are cited on pages 1,7-10,12,14-16,26-28, 30-32,34, and 35 of Plaintiff's Memorandum in Support of his Cross Motion for Summary Judgment.  These documents are also cited throughout Plaintiff's Memorandum in Support of his Opposition Motion and in his Statement of Material Facts.  Based on the extensive citation to extra-record material, it is

_____

[6]  If there were a challenge to jurisdiction, then supplements to the administrative record or discovery may be required to resolve the jurisdictional issue.  See Colo. Wild Horse & Burro Coalition, Inc. v. Kempthorne, 527 F. Supp. 2d 3 (D.D.C. 2007) (denying discovery after explaining it may be permissible in an APA case in order to prove jurisdiction); Cf. Mwani v. bin Laden, 417 F.3d 1, 17 (D.C. Cir. 2005) (noting discovery is properly denied in connection with a motion to dismiss on jurisdictional grounds when the court "do[es] 'not see what facts additional discovery could produce that would affect [its] jurisdictional analysis.'").

impossible for Defendant to frame a response to Plaintiff's Motions that is properly limited to the Administrative Record. Given Plaintiff's extensive reliance on these extra-record documents that were not before the ABCMR, and that this Court has not supplemented the Administrative Record, Defendant requests that this Court first rule on Plaintiff's Supplements to the Administrative Record. After establishing the Administrative Record, the Defendant requests that the Court order Plaintiff to re-file his Memorandums and Statement of Material Fact, limiting Plaintiff's references to the material in the approved Administrative Record.

### III.  The Court should Limit the Length of Plaintiff's Statement Of Material Facts, and Plaintiff's Memorandums In Support Of His Cross-Motion and Opposition Motion.

**A.**      **Local Rules, The Scheduling Order, and Local Practice Limit The Length Of Statements Of Material Fact and  Memoranda Supporting Motions.**

On January 4, 2008, Defendant filed his Motion for Summary Judgment and filed the Administrative Record. (R. # 10, R. # 11.) On March 17, 2008, Plaintiff filed seven documents with this Court. Specifically, Plaintiff filed a 48 page document titled, "Plaintiff's Memorandum of Points and Authorities In Support of Plaintiff's Cross-motion for Summary Judgment." (R. # 20.) As an attachment to the above document, Plaintiff also filed a 38 page document titled, "Plaintiff's Statement of Material Facts As To Which There Is No Genuine Issue." Id. Contemporaneously, Plaintiff filed a 48 page document titled, "Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment." (R. # 23.) As an attachment to the opposition memorandum, Plaintiff filed a 5 page document titled, "Plaintiff's Statement of Genuine Issues (In Opposition to Defendant's Statement of Material Facts Which Are Not In Genuine Dispute)." ( Id.)    Local Rules require that Plaintiff's Motion for Summary Judgment include a concise statement of material facts. Moreover, while not explicitly spelled out in the  Local Rules and the Scheduling Order, customary local practice in cross-motions for summary judgment, is to file a consolidated memorandum supporting both the cross-motion and the opposition motion that does not exceed 45 pages.

Local Rule 7 requires both parties to identify with particularity those material facts necessary to support their motions for or in opposition to summary judgment. Specifically, Rule 7(h) provides:

> that a motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue , which shall include references to the parts of the record relied on to support the statement.

LCvR 7(h). Additionally, Local Rule 7(a) clarifies that:

> Each Motion shall include or be accompanied by a statement of the specific points of law and authority that support the motion, including where appropriate a <u>concise statement of facts</u>.

LCvR 7(a) (emphasis added). In forcing counsel to provide a concise statement, Local Rule 7 "places the burden on the parties and their counsel, who are most familiar with the litigation and the record, to crystallize for the district court the material facts and relevant portions of the record." <u>Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner</u>, 101 F.3d 145, 151 (D.C. Cir. 1996).[7] Additionally, Local Rule 7(e) requires that "[a] memorandum of points and authorities in support of or in opposition to a motion shall not exceed 45 pages and a reply memorandum shall not exceed 25 pages, without prior approval of the court. Documents that fail to comply with this provision shall not be filed by the Clerk." Requiring compliance with page limits "force counsel to focus on the real issues rather than generate reams of briefs, and to ensure a steady and inter-related flow of work from counsel . . . to the Court." <u>United States v. Philip Morris, Inc.</u>, 2001 U.S. Dist. LEXIS 12603 (D.D.C. 2001).

---

[7] This Court has held that "[i]f the party opposing the motion fails to comply with this local rule, then the district court is under no obligation to sift through the record and should [i]nstead . . . deem as admitted the moving party's facts that are uncontroverted by the nonmoving party's Rule [7(h)] statement." <u>Canning v. United States DOD</u>, 499 F. Supp. 2d 14 (D.D.C. 2007) (quoting <u>Securities and Exh. Comm'n v. Banner Fund Int'l</u>, 211 F.3d 602, 616 (D.C. Cir. 2000)). "This Circuit demands strict compliance with this Rule." <u>Canning</u>, 499 F. Supp. 2d. at 16. <u>See also</u> LCvR 56.1.

**B.**     **Plaintiff's Statement of Material Facts Is Not Concise and Improperly Blends Facts and Argument in Violation of the Local Rules.**

Plaintiff has failed to comply with Local Rule 7.  A genuine issue of material fact is one that could change the outcome of the litigation.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986) (noting that where no genuine dispute exists as to any material fact, summary judgment is required).[8]  Here, Plaintiff's thirty-eight page "Statement of Material Facts As To Which There Is No Genuine Issue," and Plaintiff's additional five page "Statement of Genuine Issues," are "separate" from the lengthy memorandums noted above.  (R. # 20, R. # 23.)  While Plaintiff is not limited to merely responding to the 32 facts presented in Defendant's six page "Statement of Material Facts Not in Genuine Dispute," (R. # 10), Plaintiff's submissions are not "concise." Moreover, they improperly blend facts and argument.  These documents are not a "concise statement of genuine issues" because Plaintiff presents 193 paragraphs with subparts in the first document, (R. # 20), and an additional 29 paragraphs with subparts in the second document, (R # 23.)  Moreover, both of these excessive statements fail to satisfy the purposes of a Rule 7(h) statement because each one "blend[s] factual assertions with legal argument[.]"  <u>Colbert v. Chao</u>, 2001 U.S. Dist. LEXIS 8266, 2001 WL 710114, *8 (D.D.C.) (citing <u>Jackson</u>, 101 F.3d at 153).  Accordingly, Plaintiff should be directed to refile his statements so as to comply with the Local Rule by limiting those statements to matters of fact supported by appropriate citation to the approved Administrative Record.

---

[8] Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>Diamond v. Atwood</u>, 43 F. 3d 1538, 1540 (D.C. Cir. 1995).

**C.**     **Local Rules and Practice Dictate That Plaintiff File A Consolidated Memorandum In Support of His Cross-Motion and Opposition Motion.**

Plaintiff's two forty-eight page memoranda (in support of his Cross-Motion for Summary Judgment and his Opposition to Defendant's Motion for Summary Judgment) in addition to his thirty-eight page Statement of Material Facts are excessive.  Judicial economy is not served by when the Court or the parties must wade through lengthy briefs and voluminous factual assertions. Blazy v. Tenet, 979 F. Supp. 10, 28 (D.D.C. 1997) (by filing voluminous briefs "the parties have wasted each other's resources as well as the Court's and made resolution of this matter more difficult and time-consuming").  While the Local Rules do not spell out the precise length of memoranda on cross-motions for summary judgment, Plaintiff's lengthy filings run counter to the intent of the Scheduling Order and local practice.  Most importantly, Plaintiff's excessive filings do not aide the Court in determining the issues and administering justice. Local Rule 7(e) requires that "[a] memorandum of points and authorities in support of or in opposition to a motion shall not exceed 45 pages." While the Rule does not explicitly state that a cross-motion and an opposition motion be supported by the same memorandum, local practice and common sense dictate that result. Cf. Wellington v. District of Columbia, 851 F. Supp. 1, 3 (D.D.C. 1994) (admonishing counsel for attempting to circumvent page limitations in the local rules by filing lengthy single-spaced footnotes).  Plaintiff's counsel, a specialist in military law, with over forty years of experience litigating ABCMR cases, is well-aware of the frequent practice of using a single consolidated memorandum in support of a cross-motion and an opposition motion.  It is the practice he and other military practitioners routinely use in ABCMR cases filed in the District of Columbia.  The briefing schedule, proposed by the parties, and established by this Court, supports this common sense interpretation by consolidating the deadlines for filing Plaintiff's cross-motions and opposition, and Defendant's opposition and reply, respectively.  Of course, there are situations where exceptions to the page limitation may be necessary and Local Rule 7(e) expressly allows for such relief with "prior

approval of the court." <u>See</u>  <u>Walker v. Cheney</u>, 230 F. Supp. 2d 51, 59 (D.D.C. 2002) (granting

parties' "request to file briefs  well in excess of the page limits established by the Local Rules

of this Court."). Despite the length of Plaintiff's Complaint, this is a relatively straightforward

APA case that does not raise complex issues requiring hundreds of pages of briefing simply for

a cross-motion and an opposition. Given the straightforward nature of the case, and the

customary local practice, such lengthy memoranda serve no purpose, and make "resolution of

this matter more difficult and time-consuming" <u>Blazy v. Tenet</u>, 979 F. Supp. 10, 28 (D.D.C.

1997). Accordingly, Defendant requests that when directing Plaintiff to re-file his cross-motion

and opposition the Court order Plaintiff to limit his combined memoranda to no more than 45

pages without prior approval from the Court.[9]

## **CONCLUSION**

For the foregoing reasons, Defendant requests that this Court limit Plaintiff's Motion to

Supplement the Administrative Record. Defendant also requests that the Court order Plaintiff to

re-file his memoranda and statements of material fact and issues, limiting their references to

material contained in the Administrative Record, and limiting their length as set forth above.

Defendant further requests that this Court stay Defendant's duty to respond pending resolution

of this Motion.

---

[9] In accordance with the duty imposed by Local Rule 7(m) requiring counsel to confer prior to filing any nondispositive motion in a civil action, Defendant discussed this anticipated motion with opposing counsel to determine whether both sides could agree on a proper resolution.  The required discussion occurred but no agreement was reached.  Defendant would have no objection, however, if Plaintiff requested a modest (e.g., 5 page) extension of the normal 45-page limit, which should be more than sufficient to permit thorough briefing of the issues presented by this case.

Respectfully submitted,

/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s_____
BRIAN C. BALDRATE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895
Attorneys for Defendant

Of Counsel:
MAJOR JOSHUA M. TOMAN
U.S. Army Litigation Division
Arlington, Virginia  22203-1837

13