IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALCOLM G. SCHAEFER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action 07-1550 (RJL) |
| PETE GEREN, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S
SUMMARY JUDGMENT MEMORANDA**

Defendant respectfully submits this reply to Plaintiff's Opposition to Defendants' Motion to Strike.  Defendant's previous motion articulated that the Court should strike both Plaintiff's Memoranda in support of his Cross Motion for Summary Judgment and Motion in Opposition to Defendant's Motion for Summary Judgment (R. #30 at 8) for:  (1) raising claims unrelated to his challenge of the Army Board for the Correction of Military Records ("ABCMR") decision and (2) citing to materials not contained in the Administrative Record ("AR" or "Record") . Plaintiff's opposition asserts that these non-record materials were either "directly or indirectly considered" by the ABCMR or are necessary for this Court to consider Plaintiff's non-APA claims.  (R. # 33 at 11.)  As stated in our previous motion, and as set forth below, this Court should strike Plaintiff's memoranda raising non-reviewable claims and citing non-record materials.

## I. ARGUMENT

### A. Plaintiff's Case Is Solely An APA Challenge to The ABCMR's Decision.

Plaintiff's Cross-Motion for Summary Judgment argues that the Court can review de novo the military's prior exercise of jurisdiction and make a declaratory judgment on this issue. (R. # 20 at 1.) As previously stated in Defendant's Motion to Strike, Plaintiff's case is a challenge to the ABCMR's denial of relief under the APA. (R. # 30 at 1-3.) Defendant does not dispute that this Court has jurisdiction under the APA to decide whether the ABCMR's decision sustaining Plaintiff's resignation for the good of the service was, as Plaintiff alleges "arbitrary, capricious, lacks substantial evidence and is contrary to evidence and law." (Compl. at 49, ¶ 192.)

Plaintiff's memoranda seek to introduce a non-APA based challenge to the criminal jurisdiction of the Army, a challenge which is not before this Court for review, and argues that this case warrants de novo review because "[t]his case is about jurisdiction . . . [and] APA standards do not govern exclusively . . . [because] Plaintiff's Complaint is also premised on 28 U.S.C. § 1331" (R. # 23, 1-2).

While Plaintiff has the burden of proving jurisdiction, Defendant's motion set forth that 28 U.S.C. § 1331 is not a waiver of sovereign immunity that would support Plaintiff's non-APA claims. Plaintiff's Opposition does not respond to this point.[1] (R. # 33, R. # 30 at 3, fn. 2.) While Plaintiff argues that "APA standards do not govern exclusively" he fails to provide any other standard upon which review should be based. Instead, Plaintiff argues that he did not in

---

[1] Defendant reiterates its request that, to the extent the Court believes that Plaintiff's case is anything other than a record review under the APA, the Court order a separate briefing on this issue where Plaintiff can allege his basis for review of any constitutional claim.

fact waive his challenge to jurisdiction of the Army criminal proceedings despite his submission of a resignation for the good of the service.[2]  (R. #33.)

### B. **Plaintiff's Memoranda Repeatedly Cite Extra-Record Material**

As challenges to court-martial jurisdiction are not properly before this Court, evidence of Plaintiff's objections to court-martial jurisdiction are equally irrelevant to the APA record review properly before the Court.  Review of the agency's decision in limited to the administrative record that was before the agency.  See Camp v. Pitts, 411 U.S. 138, 142 (1973); Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743 (1985); McDougall v. Widnall, 20 F. Supp. 2d 78, 82 (D.D.C. 1998) (citations omitted).  Plaintiff is attempting to submit evidence to this Court that was not considered by the ABCMR, attempting to invade the province of the Court by disguising declarations as evidence, and relying on internal agency legal opinions as authority.  It is well-established that the scope of review under the APA is narrow and must ordinarily be confined to the administrative record and not some new record made initially in the reviewing court.  Camp, 411 U.S. at 142; see also Envtl. Def. Fund, Inc., v. Costle, 657 F.2d 275, 284 (D.C. Cir. 1981).  As this Court has held, "supplementation of the administrative record is the exception, not the norm."  Delano v. Roche, 291 F.Supp. 2d 79, 88 (D.D.C. 2005).

As Defendant previously demonstrated, Plaintiff, *sua sponte*, supplements the Record and

---

[2] Plaintiff's essentially seeks the ability to challenge the jurisdiction of the court-martial convened against him without the risk of trial.  While, it is well-settled that a federal court may review jurisdictional issues independent of the military courts' consideration of the issues,  see Fricke v. Sec'y of Navy, 509 F.3d 287 (10th Cir. 2007), the jurisdiction of the military court is not under review here and acceptance of Plaintiff's resignation deprives this Court of a live case or controversy related to his submission to military jurisdiction.  See Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982); Schering Corp. v. Shalala, 302 U.S. App. D.C. 35, 995 F.2d 1103, 1106 (D.C. Cir. 1993) (a case is moot when it "has lost its character as a present, live controversy of the kind that must exist if [the Court] is to avoid advisory opinions on abstract questions of law").

then cites to this extra-record material throughout his memoranda. (R. #30 at 7.) This extra-record material is so intertwined in Plaintiff's memoranda that it is impossible to fashion a response to Plaintiff's motions based upon the Record.

Plaintiff argues that his supplement "merely *completes* the record." (Id. at 3. (emphasis in original)). However, many of the documents submitted by Plaintiff to supplement the AR were not before the ABCMR. In fact, Plaintiff admits that while some of the supplementary materials were supplied to the Board by Plaintiff, others were not. (See, R. #33 at 11-12.) If Plaintiff wished the ABCMR to rely upon this material, he should have supplied this material to the ABCMR when making his original request for relief.

Plaintiff claims, regarding his First Motion to Supplement the Administrative Record, that the "Fiore Memo," included in the Record by the Defendant, was incomplete. (R. 33 at 4.) This statement is false. The memorandum is complete as is seen in the Record at 241-43. The "important page from that document" that Plaintiff seeks to include is the email which provided Plaintiff's counsel with a copy of the memorandum. (Supp. AR 2798). If Plaintiff wished the ABCMR to see this email, it should have been submitted to the Board. Defendant reasserts its objection to Plaintiff's reliance on the Fiore memorandum and the two ABCMR legal opinions because these legal opinions were those of individual advisors, not that of the ABCMR, and only confuse the APA issue currently under consideration. (R. # 30 at fn. 4.)

In his Second Motion to Supplement the Administrative Record, Plaintiff states "120 out of 123 pages at Tab 31 *are already part of the record*, but upon four separate grounds." (R. 33 at 10. (emphasis in original)) This statement is also false as Plaintiff later admits. Plaintiff argues that "51 pages [] are already part of the administrative record." (R. #33 at 11.) In support

of his position, Plaintiff cites Fund for Animals v. Williams, 391 F. Supp.2d. 191 (D.D.C. 2005), but replaces the word "decision" with "Defendant's waiver defense."  (R. # 33 at 11.)[3] Plaintiff does not argue that he submitted these documents to the ABCMR nor does he argue that the ABCMR ever considered them.  (R. # 33.)  Plaintiff could have presented these pages, along with the rest of his submission, at the time of his request for consideration by the ABCMR.  He chose not to do so.

Likewise, Plaintiff's further reliance on Holy Land Foundation for Relief and Development v. Ashcroft, 219 F. Supp.2d 57 (D.D.C. 2002), is misplaced.  Plaintiff cites to an argument in that case that an agency may have relied upon information not included in the administrative record.  Holy Land Foundation for Relief and Development v. Ashcroft, 219 F. Supp.2d 57, 65 (D.D.C. 2002).   Plaintiff argues that the 54 pages were already part of the Record because they were "directly or indirectly considered" by agency decision-makers but excluded from the Record.  However, Plaintiff again acknowledges that he did not submit them for consideration to the ABCMR.  Thus, Plaintiff fails to allege that these "documents...were presented...but excluded from the Administrative Record submitted to the Court."  Stainback v. Sec'y of the Navy, 520 F. Supp.2d. 181, 186 (D.D.C. 2007).

In his Third Motion to Supplement the Administrative Record, Plaintiff attempts to supplement the Record with two declarations, one from Plaintiff and one from his criminal

---

[3] The actual quote reads:
> A plaintiff can make a *prima facie* showing that an agency excluded adverse information from the record by proving that the documents at issue (1) were known to the agency at the time it made its decision, (2) are directly related to the decision, and (3) are adverse to the agency decision.

Fund for Animals v. Williams, 391 F. Supp.2d. 191, 198 (D.D.C. 2005)(internal citations omitted).

defense counsel. (R. # 33 at 14-15.) The declarations were never before the ABCMR, are not a part of the Record, and were not created until 2008. (Supp. AR 2997-3013.) Plaintiff argues that his own declaration is necessary to explain four pages of his supplement to the Record. (R. # 33 at 14.) However, the 14 page declaration simply expounds Plaintiff's personal view of all of the events that surrounding his separation. (Supp. AR 2997-3010). Even if the four pages had been submitted by Plaintiff to the ABCMR, which Plaintiff does not allege, all the Plaintiff would need to submit for consideration would be the 4 pages. This justification for including the declaration is dubious at best as Plaintiff did not find it necessary to explain the 1,965 other pages supplemental pages in his declaration.

Plaintiff's memoranda rely heavily upon these documents which were not submitted by Plaintiff to the ABCMR, are not part of the Record, and are unrelated to the APA record review under consideration here. Thus, Plaintiff's memoranda should be stricken from the record.

### III.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's Motion to Strike Plaintiff's memoranda in support of his Cross-Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment.  Further, Defendant requests that upon resolution of the final contents of the Administrative Record, the Court order Plaintiff to file a single new memorandum in support of his Cross-Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment that is properly limited to the Administrative Record and does not exceed 45 pages in length.

Respectfully submitted,

\_\_\_/s/_____
JEFFREY A. TAYLOR, D.C.  Bar # 498610
United States Attorney

\_\_\_/s/_____
RUDOLPH CONTRERAS D.C. Bar # 34122
Assistant United States Attorney

\_\_\_/s/_____
LANNY J. ACOSTA, JR.
Special Assistant U.S.  Attorney
555 Fourth Street, N.W.
Room E4408
Washington, D.C.  20530
Ph: (202) 353-9895
*Attorneys for Defendant*

Of Counsel:
MAJOR JOSHUA M. TOMAN
U.S. Army Legal Services Agency
Arlington, Virginia  22203-1837