UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALCOLM G. SCHAEFER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Civil Action No. 1:07CV01550 (RJL) |
| | ) |
| THE HONORABLE PETE GEREN, | ) |
| Secretary of the Army, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN
GENUINE DISPUTE AND DEFENDANT'S OPPOSITION TO
PLAINTIFF'S COUNTER-STATEMENT OF FACTS**

Pursuant to LCvR 7(h), the Defendant respectfully submits the following reply to Plaintiff's opposition statement of facts (R # 41 at 49) and the following opposition to Plaintiff's counter-statement of facts (R # 42 at 50) submitted with his cross-motion for summary judgment.

**A. Reply to Plaintiff's Opposition to Defendant's Statement of Material Facts Not In Genuine Dispute.**

Plaintiff's opposition statement of material facts contains numerous non-material facts about (1) his medical processing based on the fraudulent commander's letter; and (2) his subsequent court-martial. (R # 41 at 49-53). Plaintiff impermissibly blends facts and arguments with conclusions. Plaintiff's statements of fact fail to satisfy the purposes of a Local Rule 7(h) statement because each one "blend[s] factual assertions with legal argument[.]" Colbert v. Chao, 2001 U.S. Dist. LEXIS 8266, 2001 WL 710114, *8 (D.D.C.) (citation omitted).

    2. Plaintiff blends speculation and argument. (R. # 41 at 49-51). The MOS/Medical Retention Board ("MMRB") recommended that Plaintiff be *referred* to the Medical Evaluation

Board ("MEB"). (AR 494). The MMRB recommendation was approved and Plaintiff was *referred* to an MEB. (AR 493.) Plaintiff speculates that "[t]here was no Judge Advocate senior to Plaintiff at Fort Benning that did not have a conflict of interest prohibiting that person from participating in Plaintiff's MMRB . . . . (R # 41 at 50, ¶ 2(c)). Plaintiff also blends facts and arguments such as "more likely than not, the referral of Plaintiff's case . . . was mandatory" (R # 41 at 51, ¶ 2(e)).

     3. The MEB *referred* Plaintiff to a Physical Evaluation Board ("PEB") as the MEB form clearly states that the "board recommends that the patient be . . . [r]eferred to a [PEB]." (AR 823, block 14.) The MEB recommendation was approved and Plaintiff was processed for a PEB. (AR 824, block 20.)

     4. This paragraph is argument, not facts such as Plaintiff's claim that "any deviation from that [PEB] process in Plaintiff's case prejudiced Plaintiff immeasurably." Id. at ¶ 4. The Physical Disability Branch ("PDB") authorized Fort Benning to issue discharge orders. (AR 269, 272, 750, 757.)

     5. There is no disagreement between the parties regarding these facts.

     6. This paragraph is argument, not facts. The PDB revoked Plaintiff's authorization for discharge. (AR 519, 750, 808, 811, 947, 948). Ms. Baker faxed a notification in writing, consisting of the U.S. Army Physical Disability Agency ("USAPDA") Worksheet by Mr. Brower, Legal Advisor-USAPDA, indicating that the authorization was to be revoked (AR 947-948). The electronic TRANSPOC system shows a recall of the eligibility code on 14 August 2001 to revoke Plaintiff's authorization (AR 749, 808).

     8. USAPDA found procedural errors in the MMRB and found several deficiencies and

errors in the MEB and PEB because the performance data on Plaintiff was missing (AR 539).

    10.  There is no disagreement between the parties regarding this fact.

    12.  Plaintiff's orders were invalid prior to September 14, 2001, because the authorization was revoked by the USAPDA (AR 544).  Plaintiff's separation orders were revoked on September 18, 2001, by operation of the Transition Center under the authority of complying with previously received verbal orders from the USAPDA (AR 444), faxes from the USAPDA (947, 948), and the pre-existing TRANSPOC recall by the USAPDA (AR 586, 808).  Plaintiff's orders were also revoked pursuant to the regulatory authority to revoke orders after the effective date under AReg. 600-8-105, ¶ 2-21e, which states:

> When there is no *evidence of fraud or obvious error* and the soldier received actual or constructive delivery, orders discharging a soldier from the service will not be revoked after the effective date of discharge *unless revocation is a written confirmation* of verbal orders actually issued before the effective date of discharge.

Id. (emphasis added).  The Transition Center could revoke Plaintiff's orders based on the existing evidence of fraud by Plaintiff, or revoke the orders based on evidence of the existing evidence of obvious error by the Plaintiff's use of memoranda from an individual who was not his commander, or revoke the orders as written confirmation of verbal orders from the PDA that were issued prior to September 14, 2001.  (AR 444, 586, 808.)

    20.  Regarding the "Article 32 investigation," 10 U.S.C. § 832 states that:

> (a) No charge or specification may be referred to a general court-martial for trial until a thorough and impartial investigation of all the matters set forth therein has been made. This investigation shall include inquiry as to the truth of the matter set forth in the charges, consideration of the form of charges, and a recommendation as to the disposition which should be made of the case in the interest of justice and discipline....

      (d) If evidence adduced in an investigation under this article indicates that the accused committed an uncharged offense, the investigating officer may investigate the subject matter of that offense without the accused having first been charged with the offense if the accused—
        (1) is present at the investigation;
        (2) is informed of the nature of each uncharged offense investigated; and
        (3) is afforded the opportunities for representation, cross-examination, and presentation prescribed in subsection (b)...

      (e) The requirements of this article are binding on all persons administering this chapter but failure to follow them does not constitute jurisdictional error.

The Investigating Officer ("IO") had the authority to look into the matters raised by the evidence. (AR 741). The IO determined that the Plaintiff's duplicitous actions constituted conduct unbecoming an officer and a gentleman, and that Plaintiff's failure to fulfill his professional responsibilities to his subordinates and his clients constituted dereliction of duty (AR 741).

24. On May 27, 2002, Plaintiff voluntarily submitted his resignation. (AR 733.) Plaintiff's resignation begins "I, Malcolm G. Schaefer . . . *voluntarily* tender my resignation from the Army for the good of the serivce . . . I *have not* been subject to coercion with respect to this resignation and have been advised of and fully understand the implications of this action." (AR 733) (emphasis added). Plaintiff's resignation also states that he was "advised on the submission of this document by [his] civilian defense counsel, Mr. Gary R. Myers, and [his] military defense counsel , [Lieutenant Colonel] Lauren N. Johnson-Naumann." Id. Plaintiff was afforded due process to challenge the fraudulent discharge offense at court-martial (AR 152, 219, 337). As a former trial defense counsel (AR 1015-1018), Plaintiff was trained to advocate for and advise his

clients to avoid any involuntary submissions of pleas or resignation (AR 41, ¶ 12). Plaintiff submitted his resignation because he had not obtained any favorable rulings on his pre-trial motions, nor had he obtained relief on his extraordinary writ motions (AR 276-283; AR 2206; AR 2107; AR 2283).

29. Plaintiff was validly discharged on October 1, 2002 (AR 33, 1014).

**B. Opposition to Plaintiff's Statement of Material Facts Not In Genuine Dispute.**

Plaintiff's cross-motion statement of material facts contains numerous non-material facts about (1) his medical processing based on the fraudulent commander's letter; and (2) his subsequent court-martial. (R # 42 at 50-80). Plaintiff does cite to the Administrative Record for some of the asserted facts. However, Plaintiff impermissibly blends facts and arguments such as "Plaintiff committed no act of fraud or misrepresentation in connection with the evaluation of his physical disability" (R # 42 at 57, ¶ 34-35), and "[d]ischarge orders 183-2200 were validly issued and were not tainted by any fraud." Id. at ¶ 38. Also, Plaintiff impermissibly blends facts and arguments with conclusions, including "Orders 183-2200 discharged Plaintiff on 14 September 2001" (R #42 at 58, ¶ 42), and "Orders 183-2200 were not revoked and Plaintiff was complying with facially valid orders" (R # 42 at 61, ¶ 62). Similarly, Plaintiff improperly attempts to rely on the recommendations of the Article 32, UCMJ, Investigating Officer as a source of factual evidence, such as claiming that "Plaintiff did not do anything that contributed to the Fort Benning Transition Center's actions in not rescinding or revoking Discharge Orders 183-2200." Id. at ¶ 64. Plaintiff's cross-motion statement of material facts fails to satisfy the purposes of a Local Rule 7(h) statement because each one "blend[s] factual assertions with legal argument[.]" Colbert v. Chao, 2001 U.S. Dist. LEXIS 8266, 2001 WL 710114, *8 (D.D.C.)

(citation omitted).

    1.  There is no disagreement between the parties regarding these facts.

    2.  Defendant is not aware of any adverse administrative or disciplinary actions against Plaintiff prior to September 14, 2001.

    3.  There is no disagreement between the parties regarding these facts which are consistent with Plaintiff's performance evaluations and performance data which was provided to the Texas Physical Evaluation Board ("PEB") that in June 2001 found him fit for duty. Portions of such evaluations and data was provided to the same PEB in August 2001 and the PEB reconsidered its earlier findings and determined Plaintiff was fit for duty (AR 287-288).

    4.  There is no disagreement between the parties regarding these facts.

    5.  There is no disagreement between the parties regarding these facts to the extent they are reflections of what Plaintiff has stated in his medical interviews and prepared statements.

    6.  There is no disagreement between the parties regarding these facts to the extent they are reflections of what Plaintiff has stated in his medical interviews and prepared statements.

    7.  There is no disagreement between the parties regarding these facts to the extent they are reflections of what Plaintiff has stated in his medical interviews and prepared statements.

    8.  The MOS Medical Retention Board ("MMRB") findings were invalid. The MMRB did not have a member of the Judge Advocate General's Corps as required by AReg. 600-60, ¶ 3-2e. (AR 610, n. 15.) The MMRB did not have the required evaluation from Plaintiff's actual commander (AR 611). The subject MMRB contained the unit commander's evaluation crafted by Plaintiff (AR 477-478). Plaintiff's unit commander was the Judge Advocate Commander of

the United States Army Legal Services Agency (AR 865). For the limited purpose of demonstrating the contents of the documents resulting from the invalid MMRB, there is no disagreement between the parties regarding these facts.

9. There is no disagreement between the parties regarding these facts. Plaintiff's waiver of a Judge Advocate officer on the MMRB was of no legal consequence because this is a regulatory requirement. (AR 619, n. 15.)

10. There is no disagreement between the parties regarding these facts.

11. There is no disagreement between the parties regarding these facts.

12. There is no disagreement between the parties regarding these facts.

13. There is no disagreement between the parties regarding these facts.

14. There is no disagreement between the parties regarding these facts.

15. There is no disagreement between the parties regarding these facts.

16. There is no disagreement between the parties regarding these facts.

17. There is no disagreement between the parties regarding these facts.

18. There is no disagreement between the parties regarding these facts.

19. There is no disagreement between the parties regarding these facts.

20. There is no disagreement between the parties regarding these facts.

21. There is no disagreement between the parties regarding these facts.

22. There is no disagreement between the parties regarding these facts.

23. There is no disagreement between the parties regarding these facts.

24. There is no disagreement between the parties regarding these facts.

25. The informal PEB proceedings were invalid because they did not contain an

evaluation from Plaintiff's commander (AR 96-97). Plaintiff's commander was the commander of the United States Army Legal Services Agency. (AR 611, 865.)

26. There is no disagreement between the parties regarding these facts.

27. There is no disagreement between the parties regarding these facts.

28. There is no disagreement between the parties regarding these facts.

29. There is no disagreement between the parties regarding these facts.

30. There is no disagreement between the parties regarding these facts.

31. There is no disagreement between the parties regarding these facts.

32. Review of Plaintiff's case would have been mandatory if the Commanding General, USAPDA required review of the case. (AR 34, ¶ 59); see AReg. 635-40, ¶ 4-22a(6). Review is conducted, among other reasons to ensure "[t]he proceedings of the medical evaluation board and the PEB were conducted according to governing regulations." Id. at 4-22b(2).

33. There is no disagreement between the parties regarding these facts

34. This paragraph is argument, not facts.

35. This paragraph is argument, not facts.

36. This paragraph is argument, not facts.

37. There is no disagreement between the parties regarding these facts.

38. This paragraph is argument, not facts.

39. There is no disagreement between the parties regarding these facts.

40. There is no disagreement between the parties regarding these facts.

41. There is no disagreement between the parties regarding these facts.

42. There is no disagreement between the parties regarding these facts to the extent that they reflect the contents of orders. Plaintiff makes a misstatement of the law because only valid orders can effectuate a discharge and the orders by themselves do not discharge Plaintiff because the legal act of discharge is composed of separate acts and circumstances beyond the mere possession of orders. (AR 39.)

43. There is no disagreement between the parties regarding these facts.

44. When a Regular Army Officer is *validly* discharged the individual's status is changed. Article 2, UCMJ. There is no disagreement between the parties regarding the remaining facts.

45. There is no disagreement between the parties regarding these facts.

46. There is no disagreement between the parties regarding these facts.

47. There is no disagreement between the parties regarding these facts.

48. There is no disagreement between the parties regarding these facts.

49. There is no disagreement between the parties regarding these facts.

50. There is no disagreement between the parties regarding these facts.

51. There is no disagreement between the parties regarding these facts.

52. There is no disagreement between the parties regarding these facts.

53. This paragraph is argument, not facts.

54. This paragraph is argument, not facts.

55. This paragraph is argument, not facts.

56. There is no disagreement between the parties regarding these facts.

57. There is no disagreement between the parties regarding these facts in the first

sentence. The second sentence is argument, not facts.

    58.    There is no disagreement between the parties regarding these facts.

    59.    This paragraph is argument, not facts.

    60.    There is no disagreement between the parties regarding these facts.

    61.    This paragraph is argument, not facts.

    62.    Compliance with facially valid orders is of no legal significance. Deliberate presentment of copies of the orders for official purposes after constructive and actual notice that the underlying authorization for the orders is revoked is evidence of fraud. (AR 614-615.)

    63.    There is no disagreement between the parties regarding these facts.

    64.    This paragraph is argument, not facts.

    65.    There is no disagreement between the parties regarding these facts.

    66.    There is no disagreement between the parties regarding these facts concerning Plaintiff's ability to perform duties and tasks required for his grade, rank, and speciality.

    67.    There is no disagreement between the parties regarding these facts.

    68.    There is no disagreement between the parties regarding these facts.

    69.    There is no disagreement between the parties regarding these facts.

    70.    There is no disagreement between the parties regarding these facts. Plaintiff's brief contradicts his own statement of facts and alleges that the PEB only had two new items of evidence (Pl. Br. 32). However, the record clearly shows that the PEB (AR 521-522) also considered two of Plaintiff's officer evaluation reports (AR 922-925).

    71.    There is no disagreement between the parties regarding these facts.

    72.    There is no disagreement between the parties regarding these facts.

73. There is no disagreement between the parties regarding these facts in the first sentence. The PEBLO advise Plaintiff that his case was on hold because there was not a final disposition and the underlying orders were no longer valid and the orders would be changed (AR 1916: 10-14). There is no disagreement between the parties regarding these facts in the last sentence.

74. There is no disagreement between the parties regarding the facts in the first sentence. The PEBLO consented to Plaintiff's request to submit his appeal on 17 September 2001 (AR 1916-1917).

75. The 30 August 2001 PED finding replaced the 11 June 2001 PEB finding. AReg. 635-40, ¶ 2-19p(1).

76. There is no disagreement between the parties regarding these facts.

77. There is no disagreement between the parties regarding these facts.

78. There is no disagreement between the parties regarding these facts to the extent that Plaintiff asserts that he was relying on advice of legal counsel.

79. There is no disagreement between the parties regarding these facts.

80. Discharge Orders 183-2200 were never valid because the disability finding was not obtained in compliance with the regulation requirement for performance evaluation by Plaintiff's commander. See Areg.635-40, chapter 4.

81. This paragraph is argument, not facts.

82. There is no disagreement between the parties regarding these facts.

83. There is no disagreement between the parties regarding these facts.

84. There is no disagreement between the parties regarding these facts.

85. This paragraph is argument, not facts. To the extent the paragraph contains alleged facts, that are refuted by the administrative record because Plaintiff asked to have his discharge orders revised to reflect his new rank of Major when he knew the underlying basis for his discharge had been revoked. (AR 439.)

86. There is no disagreement between the parties regarding these facts.

87. There is no disagreement between the parties regarding these facts.

88. There is no disagreement between the parties regarding these facts.

89. There is no disagreement between the parties regarding these facts.

90. There is no disagreement between the parties regarding these facts.

91. There is no disagreement between the parties regarding these facts.

92. There is no disagreement between the parties regarding these facts.

93. There is no disagreement between the parties regarding these facts.

94. There is no disagreement between the parties regarding these facts.

95. The Court found that an injunction was not required where the Army presented evidence to establish that the Army could exercise jurisdiction over Plaintiff by asserting continuing jurisdiction or fraudulent discharge jurisdiction. (AR 610-AR 623.)

96. There is no disagreement between the parties regarding these facts.

97. There is no disagreement between the parties regarding these facts.

98. This paragraph is argument, not facts and there is no language in the court's opinion ordering Plaintiff to return to the Army.

99. This paragraph is argument, not facts and there is no language in the court's opinion ordering Plaintiff to return to the Army. There is no disagreement between the parties

regarding the facts in the second sentence in the paragraph.

100.    There is no disagreement between the parties regarding these facts to the extent that they reflect the contents of letters written by Plaintiff's counsel.

101.    There is no disagreement between the parties regarding these facts.

102.    There is no disagreement between the parties regarding these facts.

103.    There is no disagreement between the parties regarding these facts to the extent that they reflect the contents of motions filed by Plaintiff's counsel.  The Court of Appeals for the Armed Forces denied Plaintiff's petition for writ of habeas corpus (AR 2107).

104.    There is no disagreement between the parties regarding these facts.

105.    There is no disagreement between the parties regarding these facts.

106.    There is no disagreement between the parties regarding these facts.

107.    There is no disagreement between the parties regarding these facts.

108.    There is no disagreement between the parties regarding these facts.

109.    There is no disagreement between the parties regarding these facts.

110.    There is no disagreement between the parties regarding these facts.

111.    There is no disagreement between the parties regarding these facts.

112.    There is no disagreement between the parties regarding these facts.

113.    There is no disagreement between the parties regarding these facts.

114.    There is no disagreement between the parties regarding these facts.

115.    There is no disagreement between the parties regarding these facts.

116.    This is paragraph is argument, not facts.

117.    There is no disagreement between the parties regarding these facts.

118.  There is no disagreement between the parties regarding these facts to the extent the facts reflect the contents of letters submitted by Plaintiff's counsel.

119.  There is no disagreement between the parties regarding these facts to the extent the facts are what Plaintiff's counsel asserts he was told by others and reflect the actions of Plaintiff's counsel in cobbling together the information in various forms not amounting to an affidavit or sworn testimony by the alleged declarant.

120.  There is no disagreement between the parties regarding these facts.

121.  There is no disagreement between the parties regarding these facts.

122.  There is no disagreement between the parties regarding these facts.

123.  There is no disagreement between the parties regarding these facts.

124.  There is no disagreement between the parties regarding these facts.

125.  There is no disagreement between the parties regarding these facts.

126.  There is no disagreement between the parties regarding these facts.

127.  There is no disagreement between the parties regarding these facts.

128.  There is no disagreement between the parties regarding these facts.

129.  There is no disagreement between the parties regarding these facts.

130.  There is no disagreement between the parties regarding these facts.

131.  There is no disagreement between the parties regarding these facts.

132.  This paragraph is argument, not facts.

133.  There is no disagreement between the parties regarding these facts.

134.  There is no disagreement between the parties regarding these facts.

135.  Plaintiff never withdrew his resignation, nor asked the approval authority to

"ignore" his resignation. (AR 1452-1457; AR 2768-2776).

  136. There is no disagreement between the parties regarding these facts.

  137. There is no disagreement between the parties regarding these facts.

  138. There is no disagreement between the parties regarding these facts.

  139. There is no disagreement between the parties regarding these facts.

  140. There is no disagreement between the parties regarding these facts.

  141. This paragraph is argument, not facts and the administrative record does not contain evidence of the matters alleged.

  142. This paragraph is argument, not facts and the administrative record does not contain evidence of the matters alleged.

  143. This paragraph is argument, not facts and the administrative record does not contain evidence of the matters alleged.

  144. This paragraph is argument, not facts and the administrative record does not contain evidence of the matters alleged.

  145. There is no disagreement between the parties regarding these facts.

  146. There is no disagreement between the parties regarding these facts.

  147. There is no disagreement between the parties regarding these facts.

  148. There is no disagreement between the parties regarding these facts.

  149. There is no disagreement between the parties regarding these facts.

  150. There is no disagreement between the parties regarding these facts.

  151. There is no disagreement between the parties regarding these facts.

  152. There is no disagreement between the parties regarding these facts.

153. These facts are not material because Plaintiff was not an enlisted servicemember at any time relevant to this case.

Respectfully submitted,

_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s_____
LANNY J. ACOSTA, Jr.
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

Of Counsel:
MAJOR JOSHUA M. TOMAN
U.S. Army Litigation Division
901 N. Stuart Street, Suite 400
Arlington, Virginia 22203-1837