UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALCOLM G. SCHAEFER, | ) |
| | ) |
|     Plaintiff, | ) |
| | )  Civil Action No. 1:07-cv-01550 (RJL) |
| v. | ) |
| | ) |
| THE HONORABLE PETE GEREN, | ) |
| SECRETARY OF THE ARMY, | ) |
| | ) |
|     Defendant. | ) |

PLAINTIFF'S MOTION TO RECONSIDER BASED UPON NEW FACTS

Pursuant to Fed. R. Civ. P. 54 (b), and for good cause shown, Plaintiff requests the Court reconsider its original ruling on Plaintiff's Second and Third Motions to Supplement the Administrative Record, and admit the following 17 pages of the 325 pages excluded:

    AR 2890-2903: post-discharge #1 finance and leave documents.

    AR 2904: attempted return of erroneous Army salary.

    AR 2867-68: letter (with enclosure) from Fort Benning Adjutant General to

        Commander, A Company, 1/11th Infantry Regiment

                            Respectfully submitted,

                            ___/s/ Gary R. Myers_____
                            Gary R. Myers (157115)
                            78 Clark Mill Road
                            Weare, New Hampshire 03281
                            1-800-355-1095
                            FAX (603) 529-3009
                            Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALCOLM G. SCHAEFER,           )<br>                              )<br>    Plaintiff,                )<br>                              )<br>v.                            )<br>                              )<br>THE HONORABLE PETE GEREN,     )<br>SECRETARY OF THE ARMY,        )<br>                              )<br>    Defendant.                ) | Civil Action No. 1:07-cv-01550 (RJL) |

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION TO RECONSIDER BASED UPON NEW FACTS

*Background*

This Court excluded 325 pages from Plaintiff's proposed supplement to the Administrative Record.[1] Thereafter, Plaintiff refiled the Administrative Record, redacting those 325 pages. (R. # 40 filed 26 June 2008.) Plaintiff also refiled his two briefs, excluding any reference to any of those 325 pages. (R. # 41 Pl.'s Mem. P. & A. Opp. Def.'s Mot. Summ. J.) and (R. # 42 Pl.'s Mem. P. & A. Supp. Pl.'s Cross-Mot. Summ. J.). On 15 July 2008, Defendant filed its Reply and Opposition brief. (R. # 46.)

Plaintiff now asserts that 17 of those 325 excluded pages should be reconsidered and admitted as part of the Administrative Record, under Fed. R. Civ. P. 54(b), because of statements made by Defendant in its Reply and Opposition brief.

These 17 pages are being re-filed contemporaneously with this Motion. They will be filed with the Clerk under seal in hardcopy format and on CD-ROM.

---

[1] Court's Minute Order dated 12 June 2008 denying Plaintiff's Second and Third Motions to Supplement the Administrative Record.

1

*Legal Standard*

Fed. R. Civ. P. 54(b) governs reconsideration of interlocutory orders. *Lemmons v. Georgetown University Hosp.*, 241 F.R.D. 15 (D.D.C. 2007) (comparing standards of review under Rules 54 and 60). Rule 54(b) permits reconsideration of an interlocutory order "as justice requires." *Cobell v. Norton*, 224 F.R.D. 266, 272-73 (D.D.C. 2004). Motions for reconsideration of interlocutory orders are left to the sound discretion of the trial court to decide as justice requires. *Id.* at 271-72. The "as justice requires" standard requires "'determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances.'" *In Def. of Animals v. Nat'l Insts. of Health*, 543 F. Supp.2d 70, 75 (D.D.C. 2008) (Kollar-Kotelly, J.), *quoting Cobell v. Norton*, 355 F. Supp.2d 531, 539 (D.D.C. 2005). The moving party has the burden of showing that some harm or injustice would result if reconsideration is denied. *Id.* "[T]he movant must demonstrate that some harm, legal or at least tangible, would flow from a denial of reconsideration." *Cobell*, 355 F. Supp.2d at 540. "*Cobell* also suggests that even if justice does not 'require' reconsideration of an interlocutory ruling, a decision to reconsider is nonetheless within the court's discretion: '[E]ven if the appropriate legal standard does not indicate that reconsideration is warranted, the Court may nevertheless elect to grant a motion for reconsideration if there are other good reasons for doing so.'" *In Def. of Animals,* 543 F. Supp.2d at 76, *quoting Cobell*, 355 F. Supp.2d at 540.

Considerations a court may take into account under the "as justice requires" standard include: the court has patently misunderstood a party, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the facts has occurred since the submission of the issue to the court. *Judicial Watch v. Dep't of the Army*, 466 F. Supp.2d 112, 123 (D.D.C. 2006), *citing Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004).

*Argument*

This motion is made based upon a significant change in facts which has occurred since the submission of Plaintiff's Second and Third Motions to Supplement the Administrative Record, to prevent a manifest injustice, and perhaps based upon a possible misapprehension by the Court of the relationship of these 17 pages to the Defendant's case.

Accordingly, for good cause shown, this Court should add the following documents to the administrative record:

I. FROM PLAINTIFF'S SECOND MOTION TO SUPPLEMENT

In order for Plaintiff to reply to Defendant's Footnote 9, (Def.'s Opp. and Reply at 31), arguing "However, the ABCMR considered that the Plaintiff accepted military pay and allowances and performed duties as a legal assistance attorney after 14 September 2001 until his discharge," Plaintiff should be permitted to supplement the record with the following 15 pages:

> AR 2890-2903: post-discharge #1 finance and leave documents, showing Plaintiff inserted a bold reservation of rights into all pay-and-allowance-related documents the military processed on him after discharge #1.
>
> AR 2904: evidence Plaintiff attempted to return erroneous Army salary (post-discharge #1 salary) but that the Army refused to take it back -- ostensibly to "create" facts in the case for its later use.

Preliminarily, it should be noted again, as originally argued, that these 15 pages are Army maintained database documents. They were created-authored-processed-and-stored by the agency itself. As such, (a) they were "known to the agency at the time it made its decision, … are directly related to the [Defendant's waiver defense], and … are adverse to the agency's [waiver defense]," *Fund for Animals v. Williams*, 391 F. Supp. 2d. 191, 198 (D.D.C. 2005), and (b) they

3

were either "directly or indirectly considered by agency decision-makers and include[] evidence contrary to the agency's [waiver defense]," *Holy Land Foundation for Relief and Development v. Ashcroft*, 219 F. Supp.2d 57, 65 (D.D.C. 2002).

Now, these pages are admissible under Fed. R. Civ. P. 54(b).

One of Defendant's leading positions is that Plaintiff waived all claims for relief by voluntarily separating, through what Defendant analogizes to plea bargaining, on October 1, 2002, more than a year after discharge #1 ("discharge #2"). Now, Defendant makes the argument that Plaintiff voluntarily submitted to military authority long before the RFGOS, even without the RFGOS, by accepting military pay and allowances after 14 September 2001. This was a minor note by the ABCMR, but Defendant now highlights it <u>after</u> this Court's ruling on Plaintiff's Second Motion to Supplement the Administrative Record. The argument is patently false. These documents are all part of the Army's databases, including finance documents, military housing documents, travel vouchers, and leave records.

After Plaintiff brought these 15 pages to the Court's attention, Defendant should have known the falsity of its argument that Plaintiff voluntarily accepted military pay and allowances after 14 September 2001. Frankly, just knowing that Plaintiff was compelled to return to duty after his application for TRO was denied should have been sufficient to make clear that Plaintiff did not return voluntarily. But after these documents were highlighted by Plaintiff, and after the Court excluded them, Defendant now focuses on issues associated with them. This is an extraordinary circumstance.

## II. FROM PLAINTIFF'S THIRD MOTION TO SUPPLEMENT

In order for Plaintiff to reply to Def.'s Opp. and Reply arguments at page 23 ("The Initial Disability Evaluation By the MMRB Was Invalid or Tainted By Plaintiff's Fraud") and page 25

4

("The Initial Army Physical Disability Evaluation Was Invalid And Tainted By Fraud"), Plaintiff should be permitted to supplement the record with the following 2 pages:

> <u>AR 2867-68</u>: one letter (with enclosure) from the Fort Benning Adjutant General to the Commander, A Company, 1/11th Infantry Regiment, directing Captain Granville Smith to perform certain acts as part of Plaintiff's disability evaluation, and specifying the precise content expected in his commander's evaluation letter.

Arguably, AR 2867 (the format) is nothing more than a Fort Benning installation regulatory format, which could have been cited without being made part of the record, but Plaintiff exercises an abundance of caution here since the Court earlier excluded the document on other grounds.

Something similar to AR 2868 (the letter) is already located at AR 863 (tendered by Defendant), but AR 863 does not permit Plaintiff to adequately rebut Defendant's allegation of fraud at the MMRB and MEB, an allegation that not even the ABCMR asserted. AR 863 is insufficient because: (a) it relates to the commander's evaluation letter for the PEB, not the MMRB and MEB; and (b) it is not as specific in detailing the expected content of the commander's evaluation letter.

These 2 pages are now necessary to reply to Defendant's new allegation that Plaintiff fraudulently procured the MMRB recommendation, the MEB referral, and the PEB # 1 unfit for duty decision by using the wrong commander to submit a commander's evaluation letter and by submitting false information in that letter. Consideration of extra-record information is appropriate when simply reviewing the administrative record is not enough to resolve the case. *Esch v. Yeutter,* 876 F.2d 976, 991 (D.C. Cir. 1989).

The following explains how Defendant's theory of the fraud has moved to a third iteration, now making AR 2867-68 essential to the Court's review. First, when it charged Plaintiff with the crime of fraudulent separation in 2001, the Government set down its theory of the fraud … that Plaintiff did, "by means of knowingly false representations that he was eligible for discharge from the U.S. Army based upon ORDERS 183-2200 dated 02 July 2001, when in fact he knew the basis for those orders had been overturned, procure himself to be separated from the U.S. Army." (AR 2269.)  Second, four years later, the ABCMR invented a new theory of the fraud. It decided Plaintiff committed a "sin of omission" by "concealment of the truth concerning his situation." (AR 39 ¶ 6.) "Had he been honest on 14 September 2001 to the separation officials, he would not have been discharged." *Id.* While the ABCMR was itself guilty of *post hoc* rationalization, Defendant's newest theories of the fraud go further.

Defendant's newest theory centers on the MMRB and the Commander's Letter to the MMRB. Because of Plaintiff's position regarding the MMRB -- that it is not a part of the PDES -- Plaintiff had no reason to submit MMRB documents to the ABCMR. Yet, even in the absence of these 2 pages, Defendant now makes representations about the Commander's Letter to the MMRB that are inconsistent with these two pages. <u>Because these MMRB-related representations rely upon the absence of these 2 pages</u>, the Court should consider these 2 pages under Fed. R. Civ. P. 54(b).

                Respectfully submitted,

                __/s/ Gary R. Myers____
                Gary R. Myers (157115)
                78 Clark Mill Road
                Weare, New Hampshire 03281
                1-800-355-1095
                FAX (603) 529-3009
                Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALCOLM G. SCHAEFER,              )<br>                                                      )<br>       Plaintiff,                             )<br>                                                      )       Civil Action No. 1:07-cv-01550 (RJL)<br>v.                                                   )<br>                                                      )<br>THE HONORABLE PETE GEREN,  )<br>SECRETARY OF THE ARMY,        )<br>                                                      )<br>       Defendant.                          ) | |

**ORDER**

On consideration of Plaintiff's Motion to Reconsider Based Upon New Facts, Plaintiff's Memorandum of Points and Authorities in support thereof, and the entire record, it is hereby

**ORDERED** that Plaintiff's Motion to Reconsider Based Upon New Facts is GRANTED, and it is further

**ORDERED** that the 17 pages described in the motion shall be filed under seal.

Dated this _____ day of _____, 2008,


                                                        UNITED STATES DISTRICT JUDGE

Copies to:
Counsel for parties via ECF