UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALCOLM G. SCHAEFER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1550 (RJL) |
| ) | |
| PETE GEREN, ) | |
| Secretary of the Army, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO RECONSIDER BASED UPON NEW FACTS**

Defendant hereby opposes to Plaintiff's motion ("Pl. Mot.") to reconsider denial of the supplement to the Administrative Record ("AR").

## I. INTRODUCTION.

Defendant's Reply and Opposition brief cited only to those documents already present in the record. (R. # 46.) Plaintiff again seeks to supplement the record with items that have no bearing on this Court's Administrative Procedure Act ("APA"), 5 U.S.C. § 702, *et seq*, review of the denial of relief by the Army Board for the Correction of Military Records ("ABCMR"). Plaintiff's argument that there has been "a significant change in facts" is without merit. (Pl. Mot. at 3.)

## II. STANDARDS REQUIRED TO SUPPLEMENT AN APA RECORD

Review of the agency's decision is not de novo, but is limited to the administrative record that was before the agency. See Camp v. Pitts, 411 U.S. 138, 142 (1973); Marinangelli v. Lehman, 32 F. Supp. 2d 1, 5 (D.D.C. 1998). "[S]upplementation of the administrative record is the exception, not the norm." Nat'l Wilderness Inst. v. U.S. Army Corps of Engineers, 2005 WL 691775, at *9 (D.D.C. March 23, 2005). Moreover, there are only limited circumstances when such extra-record review is appropriate. See Esch v. Yeutter, 876 F. 2d 976, 991 (D.C. Cir. 1989). The only exceptions that may even remotely apply here are "(1) when agency action is

not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision." Id. at 991. (Citations omitted).

### III. ARGUMENT

Plaintiff's motion for reconsideration fails to satisfy the standard required to supplement the record, the items sought do not relate to material facts in dispute and they are irrelevant to the resolution of this case.

1.  Plaintiff's Attempted Reservation Of Rights Is Irrelevant.

The addition of documents that Plaintiff did not submit to the ABCMR, for the express purpose of trying to substantiate Plaintiff's alleged attempt to preserve an objection to the Army's exercise of jurisdiction, is irrelevant to this Court's review in this case.  First, these documents were not submitted to the ABCMR.  Second, and more importantly, even if Plaintiff does establish that he attempted to preserve an objection to military jurisdiction, that fact has no bearing on this Court's review.  Specifically, Defendant does not assert any "waiver defense" because Plaintiff's resignation does not preclude APA review of the ABCMR's denial of relief. Defendant only asserts that Plaintiff's resignation deprives him of standing to bring an other than APA review claim on these matters.  Plaintiff had an opportunity to challenge the exercise of military jurisdiction in his court-martial but chose to resign instead.  Nevertheless, Plaintiff cannot establish a waiver of sovereign immunity to bring his alleged constitutional challenges to military jurisdiction based upon his alleged attempts to preserve an objection.  Thus, more documents in this regard do not assist the Court in reviewing the current issues.

Additionally, these items, that were never presented to the ABCMR, do not satisfy any exception to the general rule precluding supplements to the administrative record.  Plaintiff alleges that these items are necessary to rebut "new facts." (Pl. Mot. at 3).  However, Defendant did not raise any new facts, but simply cited to conclusions by the ABCMR, the same information that Plaintiff had access to when he received a copy of the ABCMR's denial of relief in 2005. (AR 1; 40 ¶ 9).

Plaintiff asserts that Defendant's mention, in a footnote, of the ABCMR finding that Plaintiff conceded to being subject to military control by acceptance of military pay, is somehow a new fact or argument. (Pl. Mot. 5.) Defendant cited only to the ABCMR determination that Defendant maintained jurisdiction over Plaintiff, that Plaintiff accepted pay and allowances, and the Leave and Earnings statement in the administrative record which shows that Plaintiff was credited with the pay. (AR 40, ¶ 9; 103.) Plaintiff attempts to cast Defendant's payment of Plaintiff and refusal to take the money back as an attempt by Defendant "ostensibly to 'create' facts in the case for later use" rather than what is was, an acknowledgment of Plaintiff's status as an active duty officer. (Pl. Mot. 3.) Thus, no additional financial records are relevant or necessary to this case because the record already shows that Plaintiff accepted Army pay.

2. Defendant Did Not Allege A "New Theory" of Fraud

Plaintiff's second argument to supplement the record is also without merit. Plaintiff attempts to show that the physical evaluation system letters were addressed to, and thus, requested a letter from, the commander of the headquarters Infantry company, Captain Smith, thereby making Plaintiff's first discharge less tainted or less directly a result of these notification memos. Plaintiff's desire to supplement the record with unit notification letters and forms which show what the actual unit commander should have written for the disability proceedings are irrelevant.

The ABCMR noted that Plaintiff "had orchestrated his separation throughout the MMRB, MEB, and PEB proceedings, taking pains to ensure that the processing for his discharge was kept as secret as possible, and in fact, misleading personnel about his intentions." (AR 39, ¶ 5.) The ABCMR reviewed the federal district court proceedings (AR 17, ¶ 19; AR 610-623) during which the court specifically noted that "[t]he Army has presented evidence that Plaintiff fraudulently secured his discharge by the means by which he was found 'unfit'" which necessarily incorporates the MMRB, MEB, and PEB proceedings. (AR 620.) As such, this initial fraud in the MMRB and MEB proceedings was an additional means by which Plaintiff

3

fraudulently obtained a discharge by creating fraudulent evaluations even before he reported to the transition center.

These are not new facts because Defendant has always maintained that the Plaintiff's commander was the USALSA commander in charge of the Trial Defense Service. (AR 646: 8-19.) Defendant's Motion for Summary Judgment raised the argument that the first PEB "might very well have been void *ab initio*," and that the District Court for the Middle District of Georgia reached a similar conclusion. (R. #10, fn. 6 at 10-11.) Plaintiff can present no independent evidence that shows that the treating physicians concluded that the Infantry company commander was Plaintiff's commander because the physicians and disability processing personnel were merely forwarding the information, which Plaintiff intercepted before it reached any commander, to the unit designated by the Plaintiff.

Plaintiff's argument that there is a new theory of fraud which requires supplementation of the record does not establish an exception to allow a supplement to the record. (R. # 48 at 6.) Defendant is not asserting a new theory of fraud. Defendant's Reply and Opposition merely presents the Plaintiff's fraudulent acts as they existed both in the charges preferred and as found by the ABCMR, which is part of the record. The fraudulent acts relate to Plaintiff's misrepresentations that he was eligible for separation when he reported to the Transition Center. However, the Defendant simply notes that the ABCMR also found that Plaintiff's misconduct was evident under Article 83, UCMJ, whether he fraudulently procured his discharge when he "knowingly misrepresented" or "deliberately concealed" certain material facts about his eligibility for separation. (AR 39, ¶ 6). Specifically, the ABCMR found that Plaintiff "misrepresented himself on 14 September 2001 [because] [h]e knew that those [discharge] orders would be revoked [and] [h]e concealed that fact from the Fort Benning transition center officials that his original PER proceedings . . . were no longer valid." (Id.)

Thus, the two pages Plaintiff wishes to add may explain what the appropriate contents of a commander's letter to the MMRB should be; however, adding these documents does not

change the fact that the Infantry commander was not Plaintiff's commander nor that Plaintiff himself drafted the evaluation letters, and that he knowingly misrepresented his ability to perform his duties.  Plaintiff's supplements will not assist the Court in resolving the issues.  Only if Plaintiff's supplements were to more adequately explain the agency decision or the factors that the agency should consider would supplementation be appropriate.

There is no new theory of fraud in Defendant's Reply and Opposition because the memorandum is simply a full compilation of the Plaintiff's dishonorable conduct in attempting to secure an unwarranted and unjustified medical separation to avoid fulfilling his service obligations.  Plaintiff fails to meet his burden to justify supplementation of the administrative record.

## IV.  **CONCLUSION**

For the foregoing reasons, Defendant requests that this Court deny Plaintiff's Motion to Reconsider Supplements to the Administrative Record.

Respectfully submitted,

/s
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s
LANNY J. ACOSTA, JR.
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895
Attorneys for Defendant

Of Counsel:
MAJOR JOSHUA M. TOMAN
U.S. Army Litigation Division
Arlington, Virginia  22203-1837